IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLAH BURMAN, #97337-079  :

    Petitioner  :

v.  :  CIVIL ACTION NO. L-11-975

U.S. GOVERNMENT  :

    Respondent  :

**MEMORANDUM**

Pending is Allah Burman's ("Burman") Petition for Writ of Mandamus under 28 U.S.C. § 1361. For reasons that follow, mandamus relief will be DENIED.

### I. BACKGROUND

Burman, an inmate confined at the Federal Correctional Center Elkton (FCI- Elkton) in Lisbon, Ohio, is challenging the calculation and execution of his federal sentence by the Bureau of Prisons. Burman questions *inter alia* whether he has been properly credited for time spent in state custody and is presently serving a 360 month term of imprisonment for conspiring to distribute cocaine and possession with intent to distribute cocaine. United States v. Burman, Criminal No. L-01-115 (D. Md. 2001).

### II. DISCUSSION

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States District Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires

and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir.1987) (internal quotations omitted). Burman fails to satisfy these requirements. Questions about credit for time spent in state custody or on parole are frequently raised by inmates. Burman provides no fact or legal basis to show his right to relief is indisputable, and he has other adequate remedies available under 28 U.S.C. § 2241.

Challenges to the manner of execution and calculation of a term of supervised release are appropriately raised in a 28 U.S.C. §2241 petition for writ of habeas corpus. See e.g. Charles v. Chandler, 180 F. 3d 753, 756 (6th Cir. 1999). In a § 2241 action, the petition must be filed in the district court where the petitioner is confined. See 28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit, 410 U.S. 484, 495-500 (1973); United States v. Miller, 871 F. 2d 488, 490 (4th Cir. 1989). Burman is in the custody of the Warden at FCI-Elkton which is located in the Northern District of Ohio.[1]

### III. CONCLUSION

Absent demonstration of extraordinary circumstances, lack of other adequate means to attain relief, and a clear and indisputable right to relief, the Petition for Writ of Mandamus is DENIED.[2] A separate Order follows.

Dated this 28th day of April 2011.

/s/
_____
Benson Everett Legg
United States District Judge

---

[1] The address is Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113. The telephone number is 216-357-7000.

[2] Burman does not indicate whether he has availed himself of administrative remedies provided by the Bureau of Prisons. It is well-settled that the Bureau of Prisons' administrative remedy process must be exhausted before an inmate may challenge the execution of his sentence in federal court.